NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHOENIX PINELANDS CORP., a New Jersey corporation,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civ. No. 09-2237

OPINION & ORDER

THOMPSON, U.S.D.J.,

INTRODUCTION

    This matter comes before the Court upon Defendant's Motion to Dismiss and for Summary Judgment [docket # 15]. The Court has decided the motion upon consideration of the parties' written submissions, without oral argument. For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

    Plaintiff Phoenix Pinelands Corporation is a New Jersey corporation that mines sand and gravel on a parcel of land in Ocean County in New Jersey. That parcel is located adjacent to the Warren Grove Air National Guard Range, a facility that contains a 900 acre target complex, which the Air National Guard uses to conduct training maneuvers. On May 15, 2007, two F-16 fighters launched from Atlantic City to complete a training mission concerning the use of air-to-surface weapons. During the training mission, one of the F-16s dropped flares while over the Warren Grove Range, which struck the ground while they were still burning. The flares caused three fires, two of which were extinguished, but one of which spread beyond the boundaries of

1

the range.  The fire burned vegetation on Plaintiff's property.

Plaintiff filed this lawsuit against the United States on May 12, 2009 to recover for the damage done to its property.  The United States' tort liability is governed by the Federal Tort Claims Act ("FTCA").  Plaintiff makes claims for negligence, recklessness, conversion, and trespass.  During discovery, Defendant propounded various interrogatories, one of which asked Plaintiff to "identify each category of damages Plaintiff Corporation claims."  (Decl. Stephen Ketyer Ex. A at 7.)  Plaintiff responded, "Phoenix's damage claim is based upon the lost services provided by the ecosystem that existed on Plaintiff's property prior to the fire in May of 2007."  Defendant now moves to dismiss and for summary judgment, arguing that Plaintiff cannot recover because he claims an improper measure of damages.  Defendant also moves to dismiss the recklessness, conversion, and trespass claims as well, arguing that Plaintiff has failed to state grounds upon which relief may be granted.

## ANALYSIS

I. Standards of Review

   A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A defendant can contest subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two different ways.  On the one hand, a defendant can argue that it is clear from the language of the Complaint that the Court lacks subject matter jurisdiction.  This is referred to as a "facial attack," and in resolving such an attack, the Court simply examines the pleadings, accepting the plaintiff's allegations as true.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Alternatively, a defendant may argue that the actual facts of the case are such that the Court lacks subject matter jurisdiction.  This is referred to as a "factual attack."  When a defendant makes a factual attack, the Court does not accept the allegations in the Complaint as

true, and the plaintiff bears the burden of producing evidence showing that there is federal jurisdiction. *Id.* However, the Court must not reach the merits of a plaintiff's claim in resolving a motion to dismiss for lack of subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178-79 (3d Cir. 2000)). This means that the analysis of a Rule 12(b)(1) motion is altered somewhat when jurisdictional issues and the merits of the case involve overlapping issues of proof. *Id.* at 143. In such a situation, the plaintiff still must produce evidence showing that there is federal jurisdiction, but the Court requires "less in the way of jurisdictional proof than would be appropriate at a trial stage." *Id.* (quoting *Gould*, 220 F.3d at 178).

     B. <u>Motion to Dismiss for Failure to State a Claim</u>

A defendant may also move to dismiss a Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). By rule, a "claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Therefore, if a Complaint does not "show[] that the pleader is entitled to relief," it "fails to state a claim" and should be dismissed.

In order to show an entitlement to relief, a plaintiff must plead sufficient factual matter to enable a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As the Third Circuit has noted, this requires the Court to undertake a two-step analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949-50). At step one, the Court sets aside any legal conclusions and "recitals of elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. At step two, the Court accepts the remaining allegations as true and assesses whether or not they support a reasonable inference that the defendant is liable. *Id.* Rather than alleging facts that are "'merely consistent with' a defendant's liability," the Complaint must allege facts that, if true, "give rise to an entitlement to relief." *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In other words, an inference of liability is not reasonable—and thus dismissal is required—if the factual allegations in the complaint are more likely explained by lawful behavior than unlawful behavior. *Id.* at 1950.

In performing this analysis, the judge may only assess the plausibility of the plaintiff's legal claims in light of the facts alleged. The judge may not assess the plausibility of the alleged facts themselves. The Court must accept well-pleaded facts as true (*id.*), even if "actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

    C.  Motion for Summary Judgment

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More specifically, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. Accordingly, if the

movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

While a party moving for summary judgment must, of course, produce evidence supporting those elements essential to its case, it is not obliged to produce evidence specifically disproving those elements essential to its adversary's case. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323-24.

II. Plaintiff's Measure of Damages

Defendant's principal argument is that Plaintiff's claims are barred because Plaintiff claims damages that are unavailable, namely, the "lost services provided by the ecosystem" mentioned in Plaintiff's response to Defendant's third interrogatory. The Court rejects this argument, whether made under Rule 12(b)(1), Rule 12(b)(6), or Rule 56(c).

As a preliminary matter, it is clear that this Court has subject matter jurisdiction. Defendant's argument as to why this Court lacks jurisdiction is simply that Plaintiff has not stated a viable claim under New Jersey tort law, and that as a result the FTCA does not apply to create federal jurisdiction. However, such an argument is explicitly directed at the merits of Plaintiff's claims, not against any of the jurisdictional components of the FTCA. In other words, Defendant has not actually made any jurisdictional argument.

As noted above, summary judgment may only be granted if the pleadings and discovery

available show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law.  Simply put, Defendant has not shown that it is entitled to judgment as a matter of law.  When injury is done to land, one of two measures is generally used:

> The first measure, and the one most commonly mentioned in the opinions, is the diminution measure. Under this measure the plaintiff is entitled to recover the difference in the value of his property immediately before and immediately after the injury to it, that is, the amount his property has diminished in value as a result of the injury. The other measure awards the plaintiff the reasonable cost of restoring or repairing the damage.

*Velop, Inc. v. Kaplan*, 301 N.J. Super. 32, 64 (App. Div. 1997) (quoting Dobbs, Remedies 312 (1973)).  Defendant argues that Plaintiff's response to interrogatory number three shows that Plaintiff is claiming damages unavailable as a matter of law, insisting that "services provided by the ecosystem" do not fit into either the "diminution" measure or the "reasonable cost of repair" measure.  However, the Court sees no reason why Plaintiff's damages could not fit these measures.  The phrase "services provided by the ecosystem" is somewhat vague, but it can easily be construed to refer to qualities of the land which are relevant to calculation under either the diminution measure or the cost of repair measure.  For example, as Plaintiff points out in its opposition brief, recreational value and erosion control are two "services provided by the ecosystem" which might affect the land's value. (Pl.'s Mem. Law. Opp. Def.'s Mot. Dismiss 21.)  If Plaintiff succeeds in showing that the loss of these "services" diminished the land's value, it will have demonstrated damages under the diminution measure.[1]

Perhaps aware of this fact, Defendant argues that Plaintiff has, through its interrogatory responses, somehow "disavow[ed] any private economic damage as a result of the fire." (U.S. Mem. Supp. Mot. Summ. J. 10.)  The Court does not read Plaintiff's interrogatory responses as such a disavowal.  Even if the answers could be so construed, Defendant has not provided any

---

[1] Indeed, in a footnote in its reply brief, Defendant appears to admit that a government official has already calculated that Plaintiff's land did suffer $81,900 in cognizable damages.

6

legal authority for the proposition that interrogatory responses have a preclusive effect on the way a party is permitted to prove damages.

In short, while Plaintiff's answer to interrogatory number three is perhaps vague or even unresponsive, it does not show that Plaintiff will be unable to prove damages to its land using well-accepted legal theories.[2] The pleadings and evidence on hand show that there is a dispute of material fact as to whether Plaintiff has suffered damages and what the extent of those damages is.

### III. Plaintiff's Claim for "Recklessness"

In addition to attacking Plaintiff's theory of damages, Defendant attacks several specific causes of action, arguing that they do not state claims upon which relief may be granted. Defendant attacks Count II of the Amended Complaint, which is titled "Recklessness." Defendant correctly points out that New Jersey does not appear to recognize an independent tort of "recklessness." A showing of recklessness might ordinarily support an award of punitive damages, but punitive damages may not be awarded in a tort action against the United States. 28 U.S.C. § 2674.

In its opposition, Plaintiff tries to buttress its claim for "Recklessness" by arguing that Defendant has violated N.J. Stat. Ann. § 6:2-7, which provides that owners of aircraft are strictly liable for injuries caused by objects dropped from aircraft. However, this argument is of no avail because the statute Plaintiff cites is not a recklessness statute. Indeed, that statute creates an entirely different cause of action from any claim that is listed in the Amended Complaint. Furthermore, claims based on a theory of strict liability for ultra-hazardous activities against the

---

[2] Defendant spends substantial time attacking Plaintiff's expert's method of calculating damages. While these arguments may be relevant to how Plaintiff will be permitted to prove damages at trial, they are not dispositive of the issue presently before the Court, which is whether Defendant has shown that there is no disputed issue of fact as to whether or not Plaintiff has suffered damages at all.

United States are barred by the FTCA.  *Laird v. Nelms*, 406 U.S. 797, 801-02 (1972).  Since Plaintiff has not demonstrated a basis for liability under a showing of "recklessness," Count II of the Amended Complaint does not state a claim upon which relief may be granted, and it must be dismissed.

    IV. Plaintiff's Claim of Conversion

Defendant also argues that Plaintiff's claim for conversion should be dismissed for failure to state a claim.  "Conversion has been defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *LaPlace v. Briere*, 404 N.J. Super. 585, 595 (App. Div. 2009) (quoting *Barco Auto Leasing Corp. v. Holt*, 228 N.J. Super. 77, 83 (App. Div. 1988)).  Defendant argues that Plaintiff's claim involves real property, not goods or personal chattels, and that as a result Plaintiff does not have a valid conversion claim.  In its opposition, Plaintiff does not address the distinction between real property and chattels, a distinction which is central to the concept of conversion.  Vegetation growing upon real property is considered part of the real property—not an independent chattel.  *See Sarson v. Mueller*, 104 N.J.L. 140, 141-42 (1927) (noting that timber is not a chattel—and hence subject to an action for conversion—until after it is cut).  Therefore, damage to the vegetation on Plaintiff's land constitutes damage to Plaintiff's real property, not damage to a chattel.  Therefore, Count III of the Amended Complaint also must be dismissed.

    V. Plaintiff's Claim of Trespass

Finally, Defendant asks that the Court dismiss Plaintiff's claim for trespass.  The facts alleged in the Amended Complaint do not suggest that Defendant intentionally entered upon Plaintiff's property.  Therefore, Plaintiff is presumably making a claim for negligent trespass.

8

Defendant argues that New Jersey does not recognize the tort of negligent trespass. While it has not identified an opinion by any New Jersey Court squarely addressing this question, Defendant has cited two federal district court cases, which—in applying New Jersey law—have predicted that the New Jersey would not recognize the tort of negligent trespass. *Clover Leaf Plaza, Inc. v. Shell Oil Co.*, Civ. No. 96-5457, 1998 WL 35288754, *7 (D.N.J. Aug. 13, 1998); *N.J. Turnpike Authority v. PPG Industries, Inc.*, 655 F. Supp. 1257, 1264 (D.N.J. 1987). Both these cases explicitly repudiate the position espoused in the Second Restatement of Torts, which provides that a defendant is liable for trespass when negligent entry upon a plaintiff's property causes damage to the property. *See Restatement (Second) of Torts* § 165 (1964). There is one New Jersey case, however, which suggests that the state would recognize the tort of negligent trespass. A 1990 case out of the Appellate Division of the New Jersey Superior Court appears to cite the Restatement framework with approval, though the court did not address, much less decide, the question as to whether New Jersey recognizes a cause of action for negligent trespass. *See Burke v. Briggs*, 239 N.J. Super. 269, 273 (App. Div. 1990). In sum, it is substantially uncertain as to whether New Jersey law recognizes (or will recognize) the tort of negligent trespass. Given this uncertainty, this Court deems it prudent to adopt the position taken by the Restatement, which does recognize the tort of negligent trespass. Therefore, Count IV of the Amended Complaint will not be dismissed.

## CONCLUSION

For the foregoing reasons, it is ORDERED, this 23rd day of April, 2010, that Defendant's Motion to Dismiss [15] is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that Counts II and III of the Amended Complaint are DISMISSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.